# EXHIBIT A

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 30 2015

Sherri R. Carter, Executive Officer/Clerk
By Erica Carter, Deputy

Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

| | |
|---|---|
| Doris Gomez,<br><br>    Plaintiff,<br><br>v.<br><br>L.A. Care Health Plan, and Does 1-10, Inclusive,<br><br>    Defendant(s). | CASE NO.:<br>(Amount exceeds $25,000) NC080051<br><br>COMPLAINT<br>1. Disability Discrimination in Violation of the FEHA;<br>2. Failure to Prevent Disability Discrimination in Violation of the FEHA;<br>3. Wrongful Termination in Violation of Public Policy;<br>4. Failure to Provide Reasonable Accommodation in violation of the FEHA;<br>5. Failure to Engage in the Interactive Process in violation of the FEHA;<br>6. Failure to Provide Medical Leave in Violation of Family Medical Leave Act<br><br>**Demand for Jury Trial** |

BY FAX

Plaintiff, Doris Gomez, hereby brings her complaint against the above-named Defendant(s) and states and alleges as follows:

///

Complaint

1

## PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff, Doris Gomez (hereinafter referred to as "Plaintiff"), was and is a resident of the State of California, of Los Angeles.

2. Plaintiff is informed, believes, and thereon alleges that Defendant, L.A. Care Health Plan("hereinafter referred to as "Defendant"), is a company that does business in the State of California, County of Los Angeles.

3. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

4. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 20 are unknown to plaintiff who therefore sues these Defendant under said fictitious names. Plaintiff is informed and believes that each of the Defendant named as a Doe Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe Defendant when it has been ascertained.

5. Plaintiff commenced her employment with Defendant in March of 2011, as a temporary Human Resources recruiter and was hired by Defendant as a permanent Human Resources recruiter on or about February 20, 2012. At that time, Plaintiff directly reported to Chief of Human Resources, Barbara Cook and Human Resources Manager, Sarah Viloria-Diaz.

6. Due to various employment related conditions, Plaintiff began suffering emotional distress. Consequently, Plaintiff' doctor ordered her to go on medical leave, to cope with the distress she was experiencing.

7. Thus, on or about July 08, 2014, Plaintiff advised Defendant, and specifically Human Resources Generalist, Felicia Williams, that she would need to take medical leave due to her stress.

8. On or about July 08, 2014, Plaintiff submitted paperwork to Defendant, confirming her Doctor's orders, and on or about July 30, 2014, Plaintiff received written approval from Defendant, to take medical leave. Specifically, Unum Group, a third-party administrator for Defendant, sent Plaintiff written correspondence confirming that she is approve for medical leave from July 10, 2014 through August 11, 2014.

9. However, although Plaintiff was on approved medical leave, pursuant to the Family Medical Leave Act, Diana Gomez, an Employee Relations Specialist, contacted Plaintiff regarding her employment, advising that Plaintiff would be terminated upon her return from medical leave.

10. Further, on or about, July 14, 2014, Defendant terminated Plaintiff's employment, while Plaintiff was still on medical leave.

11. At no point prior to Plaintiff's termination did Defendant inquire as to how much time Plaintiff would need for leave or whether the initially approved leave was sufficient; nor did Defendant engage in any such discussion with Plaintiff while she was on leave, to determine what additional accommodations Defendant could provide Plaintiff.

12. On or about April 29, 2015 Plaintiff submitted claims to the Department of Fair Employment and Housing; that same day, the DFEH closed out its investigation and issued Plaintiff a Right to Sue Notice.

## FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA
(Against Defendant, and DOES 1-20)

13. Plaintiff refers to the allegations contained in Paragraphs 1 through 12, inclusive, and incorporates each by reference as though fully set forth at length herein.

14. Defendant subjected Plaintiff to unlawful discrimination due to her medical condition, which constitutes a disability under the Fair Employment and Housing Act. In response to

Plaintiff's requests for time of, due to a medical condition she disclosed to her employer, via doctors' notes, Defendant superficially approved Plaintiff's medical leave, and subsequently terminated her.

15. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant, and each of them, have engaged in other acts, conduct and practices against the Plaintiff which are not yet fully known. At such time, as said practices become known to him, Plaintiff will seek leave of Court to amend this Complaint.

16. Defendant, through its agents, managers and employees, was on actual and constructive notice of the conduct described herein.

17. Defendant, and its agents, managers and employees, violated Government Code § 12940, by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

18. As a direct and proximate result of the acts of Defendant, Plaintiff has and will continue to suffer severe mental anguish and emotional distress; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

19. In doing the acts alleged herein, Defendant acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendant had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical disabilities. Defendant, through its agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

20. As a direct and proximate result of Defendant' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISABILITY DISCRIMINATION
## IN VIOLATION OF THE FEHA

21. Plaintiff refers to the allegations contained in Paragraphs 1 through 20, inclusive, and incorporates each by reference as though fully set forth at length herein.

22. According to The Fair Employment and Housing Act ("FEHA"), Government Code section 12940 (k), "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: For an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

23. Defendant failed to take immediate and appropriate corrective action to end the above-detailed disability discrimination. Defendant also failed to take all reasonably steps necessary to prevent the discrimination from occurring.

24. In failing and/or refusing to take immediate and corrective action to end the discrimination and in failing and/or refusing to take all reasonable steps necessary to prevent the discrimination from occurring, Defendant violated California Government Code section 12940 (k), causing Plaintiff to suffer damages.

25. As a proximate result of the aforesaid acts of Defendant, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

26. As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer emotional distress, all in an amount subject to proof at the time of trial.

27. As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

///

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION
### IN VIOLATION OF PUBLIC POLICY OF FEHA

28. Plaintiff refers to the allegations contained in Paragraphs 1 through 27, inclusive, and incorporates each by reference as though fully set forth at length herein.

29. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and were binding on Defendant, as Defendant regularly employed five or more persons. California Government Code § 12940(a) provides that it is unlawful for an employer, to discharge or otherwise discriminate against an employee because of his or her disability. Thus, it is the public policy of the state of California, that an employer not discharge or otherwise discriminate against an employee because of his or her disability.

30. On or about July 14, 2014, Defendant terminated Plaintiff while she out on approved medical leave, due to her medical condition.

31. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

32. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress all in an amount subject to proof at the time of trial.

33. In doing the acts alleged herein, Defendant acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendant had in place policies

Complaint

6

and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical disabilities. Defendant, through its agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION
## IN VIOLATION OF THE FEHA

34. Plaintiff refers to the allegations contained in Paragraphs 1 through 33, inclusive, and incorporates each by reference as though fully set forth at length herein.

35. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

36. Plaintiff's physical disability and need of surgery forced her to take medical leave from work.

37. Although Defendant, and each of them, knew of Plaintiff's physical injury, Defendant, and each of them, refused to accommodate Plaintiff's disability and instead, questioned Plaintiff's need to take medical leave, and eventually refused Plaintiff's reasonable requested for an extension of her medical leave that was corroborate by her doctor's notes.

38. With reasonable accommodations, Plaintiff could have fully recovered and resumed work, performing all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

39. As a direct and legal result of Defendant' actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, *and* emotional distress, all to her damage in an amount according to proof.

40. In doing the acts alleged herein, Defendant acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendant had in place policies

and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical disabilities. Defendant, through its agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

41. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965.

## FIFTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
## IN VIOLATION OF THE FEHA

42. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

44. Defendant failed to engage is a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability and need for medical leave, and instead Defendant, discriminated against, and wrongfully terminated Plaintiff.

45. As a direct and legal result of Defendant's actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, *and* emotional distress, all to her damage in an amount according to proof.

46. In doing the acts alleged herein, Defendant acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendant had in place policies and procedures whereby supervisors, officers, directors, and employees were required to

follow in accommodating an employee's known physical disabilities. Defendant, through its agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

///

47. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

48. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. Plaintiff was at all relevant times a full time employee of Defendant, and had worked in excess of 1,250 hours. Plaintiff was therefore an eligible employee under the FMLA.

50. At all relevant times, Defendants employed more than fifty employees and thus were an employer covered by the FMLA.

51. Plaintiff is informed, believes, and from hereon alleges that Defendant failed to grant or, at the very least, substantially burdened and interfered with her proper medical leave request, by terminating Plaintiff while she was out on approved medical leave.

52. As a proximate result of the aforesaid acts of Defendant(s), and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

53. As a proximate result of the wrongful acts of Defendant(s), and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

54. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For medical expenses and related items of expense, according to proof
4. For loss of earnings, according to proof;
5. For attorneys' fees, according to proof;
6. For prejudgment interest, according to proof;
7. For punitive and exemplary damages, according to proof;
8. For costs of suit incurred herein; and
9. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: April 29, 2015        By: _____

Law Offices of Todd M. Friedman, P.C.
Suren N. Weerasuriya, Esq.

Complaint

10

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L.A. Care Health Plan, and Does 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Doris Gomez

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 30 2015

Sherri R. Carter, Executive Officer/Clerk
By Erica Carter, Deputy

RECEIVED MAY 28 REC'D

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles
275 Magnolia
Long Beach, CA 90802

CASE NUMBER:
*(Número del Caso):* NC060051

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Suren N. Weerasuriya (SBN 278521), 324 S. Beverly Dr., #725, Beverly Hills, CA 90211, 877-206-4741

DATE: Sherri R. Carter APR 30 2015 Clerk, by E. Carter , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: L.A. CARE Health Plan

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify)*: Business Entity Unknown
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com