THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
MARY MICHELENA MONROE (CA Bar No. 143734)
mmonroe@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendant
LOCAL INITIATIVE HEALTH
AUTHORITY FOR LOS ANGELES
COUNTY, operating and doing business
as L.A. CARE HEALTH PLAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS GOMEZ,<br><br>　　　　Plaintiff<br><br>v.<br><br>L.A. CARE HEALTH PLAN, and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | **CASE NO.: 2:15-cv-04621-DSF-AJW**<br><br>**JUDGE:** Hon. Dale S. Fischer<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND MOTION TO STRIKE PUNITIVE DAMAGES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Mary M. Monroe, Request for Judicial Notice and [Proposed] Order]<br><br>Date: August 3, 2015<br>Time: 1:30 p.m.<br>Courtroom: "840"<br><br>Edward R. Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012<br><br>Complaint Filed: April 30, 2015 |

---

NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE

4272652.1 -- L719.2

**TO THE HONORABLE COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 3, 2015 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 840 of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, defendant Local Initiative Health Authority For Los Angeles County, operating and doing business as L.A. Care Health Plan (erroneously named as "L.A. Care Health Plan") (hereinafter "Defendant" or "L.A. Care") will and hereby does move to dismiss the third cause of action of the complaint for wrongful termination in violation of public policy pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) on the grounds that the third cause of action fails to state a claim upon which relief can be granted. Further, L.A. Care will and hereby does move to strike all allegations for punitive damages pursuant to FRCP Rule 12(f).

This motion is based on the following grounds:

1. Plaintiff's claim for Wrongful Termination in Violation of Public Policy should be dismissed because L.A. Care is a public agency organized pursuant to Welfare and Institutions Code §14087.96, et seq. and as such is immune from liability arising out of common law tort claims under California Government Code §815.

2. Plaintiff's claim for punitive damages should be stricken because as a public entity, L.A. Care is not subject to punitive damages under California Government Code §818 and punitive damages are not available under the Family Medical Leave Act ("FMLA").

This motion is made in compliance with the conference of counsel requirements as set forth in Local Rule 7-3. On June 18, 2015, the same date that the Notice of Removal was filed, Counsel for L.A. Care sent a letter by facsimile and U.S. mail to counsel for Plaintiff advising him of L.A. Care's intent to move to dismiss the third cause for wrongful termination in violation of public policy for failure to state a claim and motion to strike Plaintiff's claim for punitive damages and

generally set forth the legal authority L.A. Care intends to rely on to support this Motion. The letter requested a response no later than June 23. Plaintiff's counsel did not respond to the letter. On June 24, 2015, L.A. Care's counsel left voicemail messages for the two attorneys identified on Plaintiff's complaint and asked for a call back to discuss the meet and confer but received no return call. L.A. Care therefore files this Motion to Dismiss and Motion to Strike (the "Motion").

The Motion will be based on this Notice of Motion and Memorandum of Points and Authorities in Support Thereof, the Declaration of Mary Michelena Monroe filed concurrently herewith, the Request for Judicial Notice filed concurrently herewith, and all documents, records, and pleadings on file, and any evidence and/or oral argument presented at the time of hearing on this matter.

DATED: June 25, 2015

ALVARADOSMITH
A Professional Corporation

By: /s/ *Mary Michelena Monroe*
THEODORE E. BACON
MARY MICHELENA MONROE
Attorneys for Defendant
LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, OPERATING AND DOING BUSINESS AS L.A. CARE HEALTH PLAN

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
I. INTRODUCTION .................................................................................... 1
II. LEGAL STANDARD FOR A MOTION TO DISMISS ................................ 2
III. PLAINTIFF CANNOT ASSERT THE COMMON LAW CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST A PUBLIC ENTITY ................................................................. 2
IV. LEGAL STANDARD FOR A MOTION TO STRIKE PUNITIVE DAMAGES ............................................................................................... 3
V. PLAINTIFF IS NOT ENTITLED TO PUNITIVE OR EXEMPLARY DAMAGES FROM A PUBLIC ENTITY .................................................... 3
VI. CONCLUSION ......................................................................................... 4

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anthoine v. North Central Counties Consortium,*
  605 F. 3d 740, 754 (9th Cir. 2010) ......................................................................... 2

*Balisteri v. Pacifica Police Dept.,*
  901 F. 2d 696, 699 (9th Cir. 1990) ......................................................................... 2

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,*
  436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) ....................................................... 3

*Henrikson v. Turbomeca,*
  2006 WL 3929541 at *2 (E.D. Cal. 2006) ............................................................. 3

*Miklosy v. Regent of the University of California,*
  44 Cal. 4th 876, 898-99 (2008) .............................................................................. 2

*Navarro v. Block,*
  250 F. 3D 729, 732 (9th Cir. 2001) ........................................................................ 2

*Xin Liu v. Amway Corp.,*
  347 F.3d 1125, 1133 (9th Cir. 2003) ...................................................................... 4

**Statutes**

29 U.S.C. § 2617(a) ............................................................................................ 2, 4

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................... 1, 2

Federal Rules of Civil Procedure Rule 12(f)(2) .................................................... 1

Government Code §815(a) ..................................................................................... 2

Government Code §818 ................................................................................. 1, 2, 3

**Other Authorities**

Family Medical Leave Act ("FMLA") .................................................................. 2

Welf. & Inst. Code §14087.9605(a) ....................................................................... 1

Welf. & Inst. Code §14087.9605(b) ................................................................... 1, 3

Welf. & Inst. Code §14087.9605(b)(1) .................................................................. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Local Initiative Health Authority For Los Angeles County, operating and doing business as L.A. Care Health Plan (hereinafter "Defendant" or "L.A. Care") hereby moves this Court for an order dismissing the third cause of action of Plaintiff Doris Gomez's Complaint, which seeks recovery for wrongful termination in violation of public policy, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) for failure to state a cause of action upon which relief can be granted. L.A. Care further moves to strike Plaintiff's improper request for punitive damages against defendant, a public entity, pursuant to FRCP 12(f)(2).

## I. INTRODUCTION

L.A. Care is a public agency pursuant to the authority vested by Cal. Welf. & Inst. Code 14087.9605, organized "to meet the problems of delivery of publicly assisted medical care in the county and demonstrate ways of promoting quality care and cost efficiency." Cal. Welf. & Inst. §14087.9605(a). See also, Request for Judicial Notice filed concurrently herewith. In creating L.A. Care, the legislature provided that it would be considered a public entity and be protected by the immunities applicable to public entities and public employees (commencing with section 814 of the Government Code). See Cal. Welf. & Inst. §14087.9605(b)(1).

On April 30, 2015, Doris Gomez, a former employee of L.A. Care, filed a complaint alleging (1) disability discrimination in violation of the FEHA; (2) failure to prevent disability discrimination in violation of the FEHA; (3) wrongful termination in violation of public policy of FEHA; and (4) failure to provide reasonable accommodation in violation of the FEHA. See Request for Judicial Notice, Exh. 1. Plaintiff seeks punitive damages, among other relief. Id. L.A. Care denies Plaintiff's claims. L.A. Care removed the action on June 18, 2015. See Req. for Judicial Notice, Exh. 2.

Plaintiff's common law cause of action for wrongful termination in violation of public policy of FEHA must be dismissed because, as a public entity, L.A. Care is not

liable for common law torts. *See*, Cal. Gov't Code §815(a). Additionally, Plaintiff's prayer for punitive damages must be stricken as punitive damages may not be awarded against a public entity and punitive damages are not available under FMLA. Gov't Code §818; 29 U.S.C. § 2617(a).

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure §12(b)(6) (hereinafter "Rule 12(b)(6)") may be brought when a Plaintiff fails to state a claim upon which relief can be granted. Rule 12(b)(6) specifically "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F. 3D 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. Thus, the Court should grant a motion to dismiss where a set of facts pleaded in the complaint, if true, would not entitle plaintiff to relief. *Balisteri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).

## III. PLAINTIFF CANNOT ASSERT THE COMMON LAW CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST A PUBLIC ENTITY

In her third cause of action, Plaintiff seeks damages on the grounds that L.A. Care allegedly violated "the public policy of the state of California that an employer not discharge or otherwise discriminate against an employee because of his or her disability." Req. for Judicial Notice, Exh. 1, 6:15-16. Plaintiff claims that she was terminated while she was out on approved medical leave and thus is entitled to damages. *Id.* at 6:17-7:5.

The California Supreme Court has held that "a state common law claim for wrongful termination in violation of public policy, known as a Tameny action, cannot be brought against a public entity." *Anthoine v. North Central Counties Consortium*, 605 F. 3d 740, 754 (9th Cir. 2010) citing *Miklosy v. Regent of the University of California*, 44 Cal. 4th 876, 898-99 (2008). "Except as otherwise provided by statute:

... a public entity *is not liable* for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person....This section *abolishes all common law or judicially declared forms of liability for public* entities, except for such liability as may be required by the state or federal constitution...."

*Miklosy,* 44 Cal. 4th at 898-99 (emphasis added). Since plaintiff may not bring the claim for wrongful termination in violation of public policy against L.A. Care, Plaintiff's third cause of action for wrongful termination in violation of public policy must be dismissed for failure to state a claim.

## IV. LEGAL STANDARD FOR A MOTION TO STRIKE PUNITIVE DAMAGES

A motion to strike may be used to remove improper requests for damages, including punitive damages when the requested damages are unavailable as a matter of law. *See Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,* 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006). "Motions to strike for certain types of relief, such as punitive and compensatory damages, are generally granted if such relief is not recoverable under the applicable law." *Henrikson v. Turbomeca,* 2006 WL 3929541 at *2 (E.D. Cal. 2006) (citation omitted).

## V. PLAINTIFF IS NOT ENTITLED TO PUNITIVE OR EXEMPLARY DAMAGES FROM A PUBLIC ENTITY

California Government Code §818 specifically provides that "notwithstanding any other provision of the law, a public entity is not liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." L.A. Care is organized pursuant to Cal. Welf. & Inst. Code §14087.9605(b) which explicitly provides that the commissions created under its authority are "protected by the immunities applicable to public entities ...commencing with [Gov't Code] section 814." Thus, punitive damages must be stricken with respect to the state law claims.

Further, the Family and Medical Leave Act only provides for compensatory

damages and not punitive damages. 29 U.S.C. § 2617(a); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003). Accordingly, this Court should grant L.A. Care's motion to strike Plaintiff's punitive damages claims based on state and federal law.

## VI. CONCLUSION

Based on the foregoing, L.A. Care respectfully requests that this Court grant its motion to dismiss the third cause of action for wrongful termination in violation of public policy on the grounds that it fails to state a claim and strike the allegations of punitive damages which are not recoverable under either state or federal law.

DATED: June 25, 2015

ALVARADOSMITH
A Professional Corporation


By: /s/ *Mary Michelena Monroe*
THEODORE E. BACON
MARY MICHELENA MONROE
Attorneys for Defendant
LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, operating and doing business as L.A. CARE HEALTH PLAN